Filed 5/27/21  P. v. Downey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>NEIL EDWARD DOWNEY,<br><br>     Defendant and Appellant. | D078197<br><br><br>(Super. Ct. No. SCD255514) |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Lynne G. McGinnis, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

In 2017, Neil Downey pleaded guilty to voluntary manslaughter and admitted a gang allegation (Pen. Code,[1] § 192) as part of a plea agreement.

A murder charge was dismissed, and the parties stipulated to a 21-year sentence for Downey.

In 2019, Downey filed a pro. per. petition for resentencing under section 1170.95. The trial court appointed counsel and received briefing from the parties. Ultimately, the court denied the petition because Downey was not eligible for relief since he was convicted of manslaughter and not murder.

Downey filed a timely notice of appeal.

Downey contends he is entitled to relief under section 1170.95, even though the statute expressly applies to persons convicted of first- or second-degree murder. Appellate counsel candidly concedes all of the opinions of the courts of appeal, including this court, have squarely rejected all of his arguments and the Supreme Court has declined to grant review in any of those cases. Counsel admits the arguments that are repeated in this case are being made to preserve the issues for review or possibly federal habeas corpus proceedings.

We will reject Downey's arguments for including persons convicted of manslaughter within the ambit of section 1170.95 relief.[2]

DISCUSSION

Senate Bill No. 1437 "was enacted 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder,

---

[1] All further statutory references are to the Penal Code.

[2] The facts of the underlying offense are not relevant to the analysis of the issues raised by this appeal. Accordingly, we will omit the traditional statement of facts.

to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)

Section 1170.95 was created to permit defendants convicted of felony murder or murder under a natural and probable consequences theory to file a petition for resentencing to have the murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

The beginning point of the analysis of Senate Bill No. 1437 is that the defendant must have been convicted of murder or by plea in a case prosecuted on a felony murder or natural consequences theory. (*Martinez, supra*, 31 Cal.App.5th at p. 723.) In this case Downey was not convicted of murder, and his conviction did not arise from an offense where malice is an element of the crime. Thus, Downey is not a person aggrieved by the former methods of proving malice that the Legislature has now rejected.

The arguments that the statute applies to persons convicted of manslaughter after being charged with murder or that failure to apply the statute to manslaughter convictions would violate equal protection have been soundly rejected by the courts of appeal, including the following cases: (1) *People v. Harris* (2021) 60 Cal.App.5th 557, 565-571 [Fourth Appellate District, Division Two]; (2) *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921 [Fourth Appellate District, Division Two]; (3) *People v. Paige* (2020) 51 Cal.App.5th 194, 197-198 [First Appellate District, Division Two]; (4) *People v. Turner* (2020) 45 Cal.App.5th 428, 435-439 (*Turner*) [Fourth Appellate District, Division One]; (5) *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997 [Fourth Appellate District, Division One]; and (6) *People v.*

*Cervantes* (2020) 44 Cal.App.5th 884, 887-888 [Second Appellate District, Division Six].

We have reviewed the cases listed above, all of which have rejected all of Downey's arguments. We agree with the analysis in each of the cases.

In *Turner*, *supra*, 45 Cal.App.5th at pages 435 through 439, this court analyzed the arguments that are now presented in this appeal. We carefully considered the same arguments and found them to not be persuasive. We continue to hold to the views we expressed in *Turner*. For the reasons set forth in *Turner*, we once again hold that a person convicted by plea of voluntary manslaughter is not eligible for resentencing under section 1170.95. We further hold that denial of eligibility for relief to persons convicted of voluntary manslaughter does not violate equal protection.

## DISPOSITION

The order denying Downey's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.

4